IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARC EDWARD LEMEUR                                                                    PLAINTIFF

   v.      Civil No. 09-5261

CHARLIE DANIELS, Secretary of
State, Franchise Tax Board
Of the State of Arkansas; DUSTIN
McDANIEL, Attorney General
of the State of Arkansas; JOHN
SKAGGS, District Court of Benton
County, Arkansas                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

 Plaintiff, Marc Edward LeMeur, filed this case on November 17, 2009. He proceeds *pro se*. The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### Background

 The complaint in this case is entitled a "contractual complaint." The defendants are Charlie Daniels, Arkansas' Secretary of State, Dustin McDaniel, Attorney General of the State of Arkansas, and Judge John Skaggs, District Court of Benton County, Arkansas.

 Plaintiff alleges that on or about May 22, 2009, he did a "bankers acceptance for honor and value of all charging instruments" on his own behalf. He asserts he filed the following contracts: Common Law Copyright Notice; Private Security Agreement; Hold Harmless and Indemnity Agreement; Power of Attorney; and a Uniform Commercial Code-1 financial statement." Plaintiff

alleges these documents were filed with the Benton County District Court, the Uniform Commercial Code, and the Secretary of State.

On or about June 2, 2009, plaintiff alleges "Defendant John Skaggs did cause a fraud by refusing to do the wire transfer of the plaintiff's bankers acceptance." At that time, plaintiff alleges Judge Skagg's office and the Benton County Sheriff's Office, among other things, kidnaped and assaulted him.

Booking records indicate May 26, 2009, was the day plaintiff was booked into the Benton County Detention Center. He was charged with failure to appear, non-support, and three counts of contempt.

As relief, plaintiff asks that disbarment and criminal proceedings be brought against Judge Skaggs. He asks that he be granted "all assets and action in accordance to the guidelines set forth by all of the plaintiff's contracts and affidavits." He asks to be fully compensated. Finally, he asks that he be immediately released from the Benton County Detention Center.

Plaintiff failed to submit with the complaint an *in forma pauperis* application or the $350 filing fee. When plaintiff filed the complaint, he was incarcerated in the Benton County Detention Center.

An order was entered on November 17, 2009, giving plaintiff until December 7, 2009, to either complete, sign, and return the *in forma pauperis* (IFP) application to this court for review and filing or pay the $350 filing fee (Doc. 2). By letter, plaintiff notified the court that he was electing to forego the submission of an IFP application and requested an itemized statement of the filing fees due in his various cases. By letter dated December 9, 2009, Ms. Sullivan, the assistant financial administrator, provided him with this information.

Plaintiff was then given an extension of time until January 5, 2010, to either submit a completed IFP application or pay the $350 filing fee (Doc. 3).  Plaintiff was advised that failure to comply with the order would result in the summary dismissal of the case.

On January 7, 2010, plaintiff filed a response (Doc. 4) to the court's order.  In the response, plaintiff had written the following across the letter provided to him by Ms. Sullivan: "Accepted for honor and value--exempt from levy for my remedy release the proceeds, products, accounts and the fixtures in the order(s) to me immediately in accordance with public policy HJR-192 UCC 10-104 and UCC 1-104.  Exemption ID#457136260 UCC account #2009-125-4616-4.  Value $1860.00."

The sum of $1860 represents the filing fees due if plaintiff pays the filing fees in all his currently pending cases:  08-5241; 09-5256; 09-5257; 09-5259; 09-5260; and 09-5261.  No check or money order accompanied plaintiff's response.

Plaintiff was advised by order entered on January 13, 2010 (Doc. 5), that his response was not accepted by the court as payment of the filing fee.  Plaintiff was informed that this court accepts payment only in cash, money order, or a check drawn on a recognized banking institution.

Plaintiff was given a final extension of time until January 29, 2010, to either submit a completed IFP application or pay the filing fee of $350 in this case.  Plaintiff was advised that if he failed to either submit a completed IFP application or pay the filing fee by January 29, 2010, a report and recommendation would be entered recommending dismissal of this case.

On February 2, 2010, plaintiff filed a "motion for acceptance for value and return for discharge of the filing fees" (Doc. 6).  In the motion, plaintiff asks that the court "do the wire transfer of the bankers acceptance of filing fees" in the case. He indicates that "the [Secured Party Creditor] did inform the court precisely of his intent to use the acceptance for value and return for discharge pursuant to the remedy provide[d] by congress via the HJR-192 and the [Uniform

AO72A
(Rev. 8/82)

Commercial Code] to which Ms. Sullivan did provide the presentment for the filing fees . . . thereby making an agreement." He maintains federal reserve notes have no value and the giving of the notes does not constitute payment.

### Discussion

This case is subject to dismissal. First, plaintiff has failed to submit either a completed *in forma pauperis* application or pay the filing fee in a timely manner. His attempt to pay the filing fee by reference to HJR 192 and the Uniform Commercial Code is meritless. House Joint Resolution 192 of 1933 involved the suspension of the gold standard. H.J.R. 192, 73d Cong. (1933). See also Holyoke Water Co. v. American Writing Paper Co., 300 U.S. 324, 339 n.1, 57 S. Ct. 485 (1937)(setting forth the joint resolution). The resolution was enacted and is codified as 31 U.S.C. § 5118 which specifies that obligations requiring repayment are payable in United States currency. The argument plaintiff makes that federal reserve notes are invalid is frivolous. See e.g., Norman v. Baltimore & O.R. Co., 294 U.S. 240, 55 S. Ct. 407 (1935)(Congress has the power to issue obligations in such form, and impress on them such qualities as currency for the purchase of merchandise and the payment of debts).

Second, the claims presented in the complaint are clearly meritless. See Neitzke v. Williams, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(legal theories are frivolous when they are indisputably meritless). A private citizen has no right to institute criminal prosecution. See Diamond v. Charles, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

Next, Judge Skagg's is immune from suit. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). See also Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Finally, Charlie Daniels and Dustin McDaniel are not subject to suit. A suit against an individual in his official capacity is the equivalent of a suit against the government entity who employs him. Bankhead v. Knickrehm, 360 F.3d 839 (8th Cir. 2004)("Suits against public employees in their official capacity are the legal equivalent of suits against the governmental entity itself."). Both the Secretary of State and the Attorney General are elected officials of the State of Arkansas. See e.g., Ark. Code Ann. § 7-5-705 (2007). A suit against an elected official is the equivalent of a suit against the State of Arkansas. The Eleventh Amendment bars a plaintiff from using a lawsuit in federal court to get money damages for wrongful conduct of state officials. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

**Conclusion**

I therefore recommend plaintiff's claims be dismissed because: (1) he failed to provide the court with an *in forma pauperis* application or pay the filing fee; and (2) the claims are frivolous, fail to state claims upon which relief may be granted or are against individuals who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(IFP action, or any portion thereof, may be dismissed if it fails to state a claim or seeks relief against a party who is immune from suit).

The dismissal of this case will count as a strike for purposes of 28 U.S.C. § 1915(g). The clerk should be directed to place a § 1915(g) strike flag on this case. The court further notes that despite the dismissal of the case, plaintiff remains liable for the full filing fee under the provisions of the Prison Litigation Reform Act (PLRA). In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under the PLRA, prisoners are responsible for filing fees the moment a civil action is filed).

**The plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of March 2010.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)